UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT FORBES

                                                                        <u>DECISION & ORDER</u>

                    Plaintiff,

                                                                        18-CV-6700EAW

        v.

JOHN DOE, et al.,

                    Defendants.
_____

        Plaintiff Robert Forbes ("Forbes") filed this action *pro se* against the City of Rochester and its employees Sergeant Anthony Bongiovani, Officer Michael Dimauro, and Officer Christina Moorhouse[1] (collectively, "defendants") asserting violations of his civil rights under both 42 U.S.C. § 1983 and New York State law. (Docket ## 1, 8). Currently pending before the Court is Forbes's motion to compel initial disclosures from the defendants and for sanctions. (Docket # 43).

        Defendants oppose the motion on two independent grounds. (Docket # 45). First, they assert that the motion lacks the required certification that plaintiff first attempted to resolve the discovery dispute. (*Id.* at 2 (citing Fed. R. Civ. P. 37(a)(1) (requiring that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action")); *see also* L.R.Civ.P. 7(d)(3) ("no motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere

---

[1] Forbes's complaint also asserts claims against various "John Doe" officers and against Monroe County and its employee Officer Christopher M. Shadder. (Docket # 8). Monroe County and Shadder have been dismissed from this action. (Docket # 30).

attempts to resolve the discovery dispute have been made"). Second, defendants contend that the motion is in any event moot because they provided their initial disclosures to plaintiff in response to his motion. (Docket ## 45 at 2; 45-1). Because defendants have served their initial disclosures, any request for an order compelling them to do so is now moot. *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot").

Forbes also seeks sanctions in connection with the motion.[2] (Docket # 43). Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Courts are afforded broad discretion in imposing sanctions. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). A request for fees may be denied where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was

---

[2] Forbes requests that the Court strike the defendants' answer and their subsequent motion to dismiss on the grounds that defendants should be precluded from seeking dismissal after having already served an answer. (Docket # 43 at ¶¶ 7-8)). Defendants counter that not all of the City defendants had been served at the time they initially served their answer. (Docket # 45 at 1). According to defendants, once the last defendant was served on May 7, 2021, they filed their motion to dismiss. (*Id.*). The motion to dismiss has been resolved by the district court, rendering this issue moot. (Docket # 50).

"substantially justified"; or (3) the award of fees would be unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The Court's denial of Forbes's motion on the grounds that he has not demonstrated that he made a good faith effort to resolve the disputes prior to filing the motion disentitles him to costs.  Forbes also has failed to demonstrate any costs associated with his motion.  Accordingly, that portion of Forbes's motion seeking costs and sanctions is denied.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *Lozano v. Peace*, 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate any expenditures).

For the reasons discussed, plaintiff's motion to compel and for sanctions **(Docket # 43)** is **DENIED**.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated:  Rochester, New York
         February 18, 2022