UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT FORBES,

                              Plaintiff,                              <u>ORDER & AMENDED</u>
                                                                                     <u>SCHEDULING ORDER</u>

                            v.                                               18-CV-6700EAW

JOHN DOE, et al.,

                              Defendants.
_____

        Plaintiff Robert Forbes ("Forbes") filed this motion *pro se* against the City of Rochester and its employees Sergeant Anthony Bongiovanni, Officer Michael DiMauro, and Officer Christina Moorhouse[1] (collectively, "defendants") asserting violation of his civil rights under both 42 U.S.C. § 1983 and New York State law. (Docket ## 1, 8). Currently pending before the Court is Forbes's motion to compel and for sanctions. (Docket # 52). Also pending is Forbes's motion for an extension of the scheduling order and a stay of the pending motion to compel and for sanctions. (Docket # 58).

        Forbes's motion to compel and for sanctions concerns defendants' response to interrogatories he propounded. (Docket # 52). First, Forbes maintains defendants failed to timely respond to the interrogatories. (*Id*. at 3-4). Second, Forbes contends defendants' responses were deficient. (*Id*. at 4-5). Finally, Forbes maintains the interrogatories were improperly answered by defendants' counsel instead of by each individual defendant. (*Id*. at

---

[1] Forbes's complaint also asserts claims against various "John Doe" officers and against Monroe County and its employee Officer Christopher M. Shadder. (Docket #8). Monroe County and Shadder have been dismissed from this action. (Docket # 30).

4-6). Forbes represents that he attempted to meet and confer with defendants concerning the interrogatory responses on multiple occasions. (*Id*.).

Defendants oppose the motion, asserting the motion lacks the required certification that Forbes first attempted to resolve the alleged defects in defendants' response to the interrogatories. (Docket # 53 at 2 (referring to Fed. R. Civ. P. 37)); *see also* L.R.Civ.P. 7(d)(3) ("no motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made."). According to defendants, although their counsel and Forbes have conferred on several occasions, the subject of the conferrals did not concern any purported deficiencies in the interrogatory response. (*Id*.). Defendants further maintain that they timely responded to Forbes's interrogatories. (*Id*. at ¶ 3).

On December 9, 2022, Forbes requested that the Court stay the pending motion in order to permit the parties to confer in an attempt to resolve the issues raised by the motion. (Docket # 58). Forbes also requested an extension of the scheduling order. (*Id.*). Forbes represents that defendants have consented to a stay of the motion and an extension of the scheduling order. (*Id.*).

Review of the submissions suggest that the parties have not fully exhausted their obligation to meet and confer in good faith prior to seeking Court intervention to resolve the issues raised by the motion. Accordingly, Forbes's motion to compel and for sanctions **(Docket # 52)** is **DENIED without prejudice to renewal** after the parties have fully conferred in good faith.

Forbes's unopposed request to stay the pending motion and for an extension of the scheduling order **(Docket # 58)** is **GRANTED in part and DENIED in part**. Specifically,

the request to stay the pending motion is denied. As stated above, the motion may be renewed, if necessary, on or before February 10, 2023, provided that the parties have exhausted their conferral obligations. That portion of the motion which seeks an extension of the scheduling order is granted. It is hereby

ORDERED, that the deadlines contained in this Court's May 6, 2021 Scheduling Order (Docket # 36) are hereby amended as follows:

1. All discovery in this case shall conclude on **February 10, 2023**. All motions to compel discovery shall be made returnable on or before **February 10, 2023**.

2. Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **March 31, 2023**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **May 12, 2023**. Parties shall complete all discovery relating to experts, including depositions, by **June 23, 2023**.

3. All dispositive motions shall be filed no later than **August 4, 2023**.
**NOTE: If the dispositive motion is filed against a party who is appearing in this action pro se, the moving party must include the advisement set forth in the notice attached to this Order.**

4. Responding papers are due by **September 15, 2023**. Reply papers, if any, shall be filed by **October 6, 2023**. The motion will be taken under advisement without oral argument.

5. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

6. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

7. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January 5, 2023

## *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.