UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT FORBES,

                        Plaintiff,

      v.

JOHN DOE, et al.,

                        Defendants.
_____

DECISION & ORDER

18-CV-6700EAW

ROBERT FORBES,

                        Plaintiff,

      v.

CITY OF ROCHESTER, et al.,

                        Defendants.
_____

21-CV-6465EAW

Pending before the Court is a one-sentence motion filed by *pro se* plaintiff Robert Forbes for appointment of counsel in both of the above-referenced cases. (No. 18-CV-6700, Docket # 80; No. 21-CV-6465, Docket # 29). For the reasons discussed below, plaintiff's motion for appointment of counsel is denied without prejudice.

Plaintiff's motion seeks appointment of counsel on the grounds that he is incarcerated and indigent and the older of the two cases appears trial-ready. (*Id.*). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988),

such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that appointment of counsel is not warranted at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id*.  Plaintiff has not done so in either case at this stage.[1]  Moreover, although plaintiff maintains that he requires the assistance of counsel to assist him to litigate and try these cases, the fact that he is incarcerated does not alone justify appointment of counsel.  *See Pierre v. Dep't of Corr. & Cmty. Supervision*, 2023 WL 4407062, *2 (W.D.N.Y. 2023) ("while the [c]ourt recognizes that an incarcerated *pro se* litigant may encounter more difficulties in pursuing his or her case than a *pro se* litigant who is not incarcerated, this, in itself, is not a valid reason for the appointment of counsel"); *McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel).  In both cases, plaintiff has filed complaints, served and responded to discovery, and filed several motions seeking a variety of relief, including IFP status, appointment of counsel, orders compelling discovery and seeking discovery sanctions, and extensions of court-ordered deadlines (No. 18-CV-6700, Docket ## 1, 2, 8, 23, 34, 35, 43, 52, 58, 73; No. 21-CV-6465, Docket ## 1, 2, 3, 17, 21, 25, 29), demonstrating his ability to litigate on his own behalf and to seek court intervention when he believes it is warranted.  Nor does plaintiff's motion identify any other special reasons justifying the assignment of counsel.

---

[1] This is plaintiff's second motion for appointment of counsel in the more-recently filed case.  (No. 21-CV-6465, Docket ## 21, 26).

On this record, plaintiff's motion for appointment of counsel **(No. 18-CV-6700, Docket # 80; No. 21-CV-6465, Docket # 29)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
        July 18, 2024